IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1-05-1319-T/An |
| ) | Re: 03-cr-10036 |
| TRACEY JONES, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Defendant/Applicant Tracey Jones ("Defendant") sent a letter to the court, along with an application to proceed *in forma pauperis* and a supporting financial affidavit, notifying the court that Defendant "plan[s]" to file a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Specifically, Defendant intends to present a claim that his trial counsel failed to provide effective assistance of counsel. To investigate that claim, Defendant seeks to acquire a transcript of his trial testimony at the government's expense.

The court construes Defendant's letter and application as a Motion for Leave to Proceed *In Forma Pauperis*. The motion is denied because federal law does not provide for *in forma pauperis* status to a Defendant who merely "plan[s]" to institute formal proceedings. Although 28 U.S.C. § 753(f) provides that "fees for transcripts furnished in proceedings brought under section 2255 of [Title 28] . . . to persons permitted to sue . . . in

forma pauperis shall be paid by the United States," that section does not come into play unless a person has first been "permitted to sue . . . in forma pauperis" in a § 2255 proceeding. In other words, section 753(f) contemplates a movant who has already commenced his collateral challenge and to whom the district court has already granted *in forma pauperis status* pursuant to 28 U.S.C. § 1915.

28 U.S.C. § 1915, moreover, indicates that a person seeking *in forma pauperis* status must first "commence[] . . . [a] suit" before a district court may entertain a motion for leave to proceed in forma pauperis. 28 U.S.C. § 1915(a) (permitting district court to "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor"). Here, Defendant has not "commenced" a § 2255 challenge and does not ask the court to "authorize" the commencement of such a suit *in forma pauperis*. He merely seeks to have the government pay for his search to discover a constitutional trial error that he has not particularized and that may or may not have occurred. Neither the statutes nor applicable precedent entitles Defendant to such relief before the case is actually commenced absent particularized factual allegations or other special circumstances. See 28 U.S.C. § 753(f); Id. § 1915(a); Lucas v. United States, 423 F.2d 683, 684 (6th Cir. 1970) (per curiam) ("It is assumed that, absent special circumstances, a man in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence [without access to the trial transcript].") (internal citations and quotation marks omitted); see also United States v. West, No. 93-5525, 1993 U.S. App. LEXIS, *4 (6th Cir. Sept. 23, 1993)

2

(requiring more than "conclusory allegations" of trial error to justify free transcript prior to formal § 2255 motion); Adams v. United States, No. 81-3731, 1982 U.S. App. LEXIS 11488, **3–4 (6th Cir. Nov. 11, 1982) (order) ("[I]t is well-established in [the Sixth] Circuit that an appellant is not entitled to be furnished a copy of the transcript of his trial in order to search for as yet unasserted grounds for filing a motion for post-conviction relief under 28 U.S.C. § 2255."); United States v. Chambers, 788 F. Supp. 334, 338 (E.D. Mich. 1992) (holding that a prisoner may avoid the Lucas bar with non-frivolous factual allegations of trial error and a showing that the transcript is necessary to decide the issues in the upcoming § 2255 motion); Watts v. Tennessee, 603 F. Supp. 494, 494–95 (M.D. Tenn. 1984) (noting that a "prisoner is not entitled to a free-transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief"); Tate v. Livesay, 612 F. Supp. 412, 414 (M.D. Tenn. 1984) (approving the same proposition).

Here, Defendant merely alleges that his Sixth Amendment claim will be based on the "testimony and its content in light of the circumstances of the case." Defendant's assurance does not entitle Defendant to a free transcript without a more particularized claim of trial error and/or a formal § 2255 motion.

For these reasons, Defendant's Motion for Leave to Proceed *In forma Pauperis* is DENIED.

The clerk is directed to assign a new civil docket number to the instant motion.

IT IS SO ORDERED.

                                        */s/ James D. Todd*
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE

                                        18 October 2005
                                        DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 1:05-CV-01319 was distributed by fax, mail, or direct printing on October 21, 2005 to the parties listed.

Tracey Jones
,

Honorable James Todd
US DISTRICT COURT